IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                              CASE NO. 5:18-CR-50010-TLB-1

RUBEN MORENO LOPEZ                                                                          DEFENDANT

## OPINION AND ORDER

Currently before the Court is Defendant Ruben Moreno Lopez's *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 48). The Court directed the Government to file a response, and the Government did so. *See* Doc. 50. Now that the Motion is ripe, the Court finds that Mr. Lopez's Motion should be **DENIED** for the reasons explained below.

### I. BACKGROUND

On January 9, 2019, Mr. Lopez was sentenced after pleading guilty to one count of conspiracy to distribute cocaine. The Court sentenced Mr. Lopez to a 72-month term of imprisonment to run concurrent to related state court charges, a 3-year term of supervised release, a $15,000 fine, and a $100 special assessment. (Doc. 46). This sentence was below Mr. Lopez's Guideline range, which was calculated based on the significant quantity of controlled substances (1,526.27 kilograms of converted drug weight) for which he was held responsible. *See* Doc. 36, ¶ 68.

Mr. Lopez is currently incarcerated at FCI Beaumont Low with a projected release date of February 13, 2023. *See* Fed. Bureau of Prisons, Inmates, https://www.bop.gov/inmateloc/ (last accessed June 1, 2021). He has served approximately 39 months of his original sentence but now moves for compassionate release under 18 U.S.C. § 3582(c)(1)

1

due to the risks posed by COVID-19. Mr. Lopez's medical records show that he is 49 years old, previously tested positive for COVID-19 in November 2020, and has received the first dose of the Pfizer vaccine. *See* Doc. 51-1, pp. 2, 8.

## II. LEGAL STANDARD

The First Step Act of 2018 ("FSA") permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). If one of these threshold requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). Application Note 1(A)(ii)(I) of USSG § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, the policy statement

2

nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III. DISCUSSION

#### A. Exhaustion of Remedies

The Court's ability to rule on Mr. Lopez's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner. 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Lopez presents proof that he requested compassionate release from his warden on November 23, 2020. (Doc. 48, p. 13). The Government concedes that Mr. Lopez has exhausted his administrative remedies. Therefore, since Mr. Lopez petitioned his warden for early release in November 2020 and because more than 30 days have lapsed since then, the Court finds that Mr. Lopez has satisfied the exhaustion requirement set forth at 18 U.S.C. § 3582(c)(1)(A)(i).

#### B. Extraordinary and Compelling Circumstances

Since Mr. Lopez has already recovered from a COVID-19 infection, his argument for compassionate release relies upon his ongoing risk of reinfection with COVID-19 and the alleged deterioration of his physical condition following his COVID-19 infection. Unfortunately, there is little evidence to support either of these contentions. As to Mr. Lopez's risk of reinfection, that risk is speculative. The Centers for Disease Control and Prevention ("CDC") website states that "[c]ases of reinfection with COVID-19 have been reported, but remain rare." Ctrs. for Disease Control and Prevention, Reinfection with

COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last accessed June 1, 2021). In short, there is little basis for the Court to conclude that Mr. Lopez faces any risk of reinfection. Other courts have agreed that the risk of COVID-19 reinfection does not, by itself, qualify as an extraordinary and compelling reason justifying compassionate release. *United States v. Molley*, 2020 WL 3498482, at *2–3 (W.D. Wash. June 29, 2020) ("That possibility [of reinfection] is not the same as the concrete and serious threat that infection poses to at-risk inmates, and it is not an extraordinary and compelling reason to release Molley from prison."); *but see United States v. Hanson*, 2020 WL 3605845, at *4 (D. Or. July 2, 2020) (noting that a prior infection of COVID-19 may not necessarily confer immunity). Moreover, Mr. Lopez has received at least one dose of the Pfizer vaccine. In the Court's view, at this time, the risk to Mr. Lopez posed by a potential reinfection is too speculative to constitute an extraordinary and compelling reason for compassionate release.[1]

### C. Section 3553(a) Factors

Even if Mr. Lopez were able to demonstrate extraordinary and compelling reasons for his release, he is not a suitable candidate for early release considering the Section 3553(a) factors. Section 3582(c)(1) requires the court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. The circumstances of this case include the fact that Mr. Lopez was originally sentenced to 72 months' imprisonment, which was below his Guideline range. This sentence could very

---

[1] The Court's decision on this score is based upon the present scientific uncertainty regarding the risks of reinfection. Should that uncertainty be resolved and the risk become more apparent, the Court may reevaluate whether that risk constitutes an extraordinary and compelling reason to release inmates from prison.

4

well have been higher, given the quantity of controlled substances for which Mr. Lopez was held accountable. Further, counting from the date of his original arrest, it appears that Mr. Lopez has now served approximately 54% (39 months) of his original 72-month sentence of imprisonment. In the Court's view, this amount of time is insufficient to reflect the seriousness of his offense conduct, to promote respect for the law, and to afford adequate deterrence to those who would seek to engage in similar criminal activities. Additionally, allowing Mr. Lopez to complete his prison sentence in 39 months would create a significant disparity with other defendants who have been held responsible for similarly large quantities of controlled substances. In sum, after considering and weighing all of the Section 3553(a) factors, the Court continues to find that a sentence of 72 months is just and fair under the totality of the circumstances.

For these reasons, even assuming Mr. Lopez has demonstrated extraordinary and compelling medical reasons justifying a reduction of his sentence, the Court finds that the Section 3553(a) factors do not justify his compassionate release.[2]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Ruben Moreno Lopez's *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 48) is **DENIED.**

---

[2] To the extent Mr. Lopez asks to serve the remainder of his sentence in home confinement, the FSA gives only the BOP—not the Court—the power to decide where he serves his sentence. *See* 18 U.S.C. §§ 3624(c)(4), 3621(b).

**IT IS SO ORDERED** on this __8th__ day of June, 2021.

                                        _____
                                        TIMOTHY L. BROOKS
                                        UNITED STATES DISTRICT JUDGE